IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MICHAEL DEAN GONZALES, § <br> Petitioner § <br> § <br> v. § <br> § <br> JANIE COCKRELL, Director, § <br> Texas Department of Criminal Justice, § <br> Institutional Division, § <br> Respondent § | MO-99-CA-072 <br> CAPITAL HABEAS |

## ORDER GRANTING, IN PART, AND DENYING, IN PART, RESPONDENT'S UNOPPOSED RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT ALLOWING AMENDMENT OF FINAL JUDGMENT

BEFORE THE COURT is Petitioner Michael Dean Gonzales' ("Petitioner") Unopposed Rule 59(e) Motion to Alter or Amend Judgment with Brief in Support ("Motion") filed in this Title 28 U.S.C. § 2254 action on December 31, 2002.

### Background

On December 19, 2002, the Court entered a Final Judgment finding that Petitioner's challenges to the conviction lacked merit and vacating the death sentence imposed because Petitioner's Eighth and Fourteenth Amendment rights were violated during the sentencing phase of trial. On December 31, 2002, Respondent filed the instant Motion. Therein, Respondent contends that the Court exceeded its authority under Title 28 U.S.C. § 2254 when it ordered that Petitioner was "GRANTED a NEW SENTENCING HEARING and this cause is REMANDED to the 358th District Court of Odessa, Ector County, Texas" and asks that the Court correct the Final Judgment, and relevant portion of the corresponding Order, by conditionally granting the federal habeas application. Respondent also contends that the Order was improperly directed at the state trial court

1



to provide Petitioner a new sentencing hearing. Respondent asks the Court to amend the Final Judgment, and corresponding Order, by replacing the above-referenced statement with the following:

> IT IS FURTHER ORDERED that the Petitioner's Petition for Writ of Habeas Corpus is conditionally GRANTED IN PART with respect to his claim that federal constitutional error occurred when Dr. Walter Quijano was permitted to offer certain race-based testimony during the punishment phase of trial. Therefore, it is ordered that the Director release the Petitioner from custody unless, within one-hundred-eighty (180) days from the date of this order or from the completion of appellate review, whichever is later, the State of Texas either (1) initiates proceedings for a new trial on the issue of punishment as permitted by Texas Code of Criminal Procedure article 44.29(c), or (2) elects not to seek a death sentence and accedes to the imposition of a sentence of life imprisonment.

**Discussion**

It is well settled that "[h]abeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can only act on the body of the petitioner." *Fay v. Noia*, 372 U.S. 391, 430-31 (1963) (emphasis added), *overruled on other grounds by Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). A federal habeas court cannot revise the state court's judgment or direct the state courts to make additional remedies available. *Moore v. Johnson*, 194 F.3d 586, 622 (5th Cir. 1999)(explaining that, although federal courts may grant a writ of habeas corpus, "[t]he federal habeas court is without power...to order that the state conduct a new punishment hearing"); *Dixon v. Beto*, 472 F.2d 598, 599 (5th Cir. 1973)(per curiam)("The federal courts are not empowered to order the state courts to make remedies available nor are they authorized to dictate the type of hearing which is to be conducted by the state courts").

The Supreme Court has authorized the conditional use of the writ to ensure constitutional compliance. Conditional use of the writ requires the State to release a prisoner unless it remedies

the identified constitutional defect within a prescribed period of time. *See Richmond v. Lewis*, 506 U.S. 40, 52 (1992)(directing district court "to enter an order granting the petition for a writ of habeas corpus unless the State of Arizona within a reasonable period of time either corrects the constitutional error in petitioner's death sentence or vacates the sentence and imposes a lesser sentence consistent with law"); *see also, Moore*, 194 F.3d at 622 (ordering that district court grant writ, "but conditioning the issuance of that writ upon the passage of a reasonable but certain period of time during which the state court of conviction may cure the constitutional error by vacating [petitioner's] death sentence and imposing a sentence less than death, or by conducting a new punishment hearing pursuant to [state law]"). The conditional writ can serve other ends. When habeas relief in a capital case relates solely to the issue of punishment, a proper conditional writ delays issuance of the writ to permit the state court of conviction a reasonable period of time to decide whether to either (1) hold a new punishment proceeding, or (2) to impose a sentence less than death. *See Moore*, 194 F.3d at 622.

Furthermore, writing the writ in conditional terms allows for the Court to order Respondent, who holds Petitioner in custody, to release Petitioner unless the constitutional violation has been remedied within a particularized period of time. *See* Rule 2(a), RULES GOVERNING SECTION 2254 CASES (West 2002)(providing that habeas petitions be directed to the individual in charge of the facility where the petitioner is being detained). In other words, in conditionally granting a habeas writ, the federal court provides the state court with (1) constructive notice of the prisoner's pending release, (2) "broad" remedial suggestions, and (3) sufficient time to address the constitutional error. *See Moore*, 194 F.3d at 622.

In the instant case, the amendment is warranted because the word "remand" should not be

part of the Final Judgment or its corresponding Order and these same documents improperly order the state trial court to enforce the remedy when Respondent is the proper party. However, the Court finds that it cannot adopt Respondent's proposed paragraph in its Final Judgment or the corresponding Order because the proposed paragraph imposes a 180-day deadline on the State of Texas to provide Petitioner a remedy following the vacating of his death sentence.

Nowhere in the instant Motion is the 180-day period justified. It is possible that the 180-day period corresponds with a Texas version of the Speedy Trial Act or something comparable, but there is no discussion justifying the 180-day period. Also, the Court, on its own, could not find a relevant state provision that supports a 180-day deadline. Moreover, the Supreme Court in *Richmond* used the words, "reasonable period of time" rather than a specific deadline. The Court finds that "reasonable period of time" is the language that the Court will use here because this language seems to contemplate that the remedy will be made within the deadlines set by the particular state, and if necessary, along and consistent with other reasonable considerations that should be made. The Court further finds that the title of the corresponding Order which reads, "Order granting Respondent's Partial Motion for Summary Judgment and granted Petitioner Michael Dean Gonzales a new sentencing hearing, based, in part, on Respondent's Notice of Error," must also be amended because it also implies that the Court is exceeding its authority. Therefore, the Court will grant Respondent's instant Motion to the extent that the Final Judgment will be amended to correctly reflect the authority of this Court and direct the proper party to impose the decision of the Court and will deny the instant Motion with regard to what language will be used to amend the Final Judgment.

Accordingly, **IT IS HEREBY ORDERED** that Respondent's Unopposed Rule 59(e) Motion to Alter or Amend Judgment is **GRANTED** to the extent that the Final Judgment, and

4

corresponding Order, will be amended.

**IT IS FURTHER ORDERED** Respondent's Unopposed Rule 59(e) Motion to Alter or Amend Judgment is **DENIED** to the extent that Respondent's proposed language, concerning the 180-day deadline, will not be used in the amended Final Judgment or corresponding Order.

SIGNED on this 13th day of **January, 2003**.

*Royal Furgeson*
ROYAL FURGESON
United States District Judge
Western District of Texas